IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Adan Nieves Martinez, | ) | |
| | ) | |
| Petitioner, | ) | **ORDER DENYING MOTION** |
| | ) | **TO VACATE SENTENCE** |
| vs. | ) | **UNDER 28 U.S.C. § 2255** |
| | ) | |
| United States of America, | ) | Criminal No. 3:06-cr-78-03 |
| | ) | Civil No. 3:08-cv-9 |
| Respondent. | ) | |

Before the Court are a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, and a Motion to Amend filed by Petitioner Adan Martinez (Docs. #258, #286). The United States has filed briefs in opposition (Docs. #266, #290).

## FACTUAL BACKGROUND

On July 12, 2006, Martinez was indicted on eight counts related to distribution of controlled substances. Count One charged him with conspiracy to possess with intent to distribute and distribute controlled substances in violation of 21 U.S.C. § 846. Counts Two, Three, Four, Thirteen, and Fourteen charged him with distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1). Count Fifteen charged him with distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). Count Eighteen charged him with possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1).

Martinez eventually reached a plea agreement with the United States and requested that the matter be set on for a change of plea hearing. On December 6, 2006, Martinez appeared before the Court and entered a plea of guilty to Count One of the Superseding Indictment. Prior to entry of the plea, the Court informed Martinez of the maximum penalties he faced on Count One. COP Tr. 4,

1

Dec. 6, 2006. The Court also informed Martinez that because the parties had stipulated to a prior felony drug conviction, he faced a minimum mandatory 20-year term of imprisonment. COP Tr. 4; see also Plea Agreement ¶ 13 ("The parties agree that the defendant has one prior drug felony conviction certifiable pursuant to Title 21, United States Code, Section 851.").

In response to questioning from the Court, Martinez stated that he had discussed the law of sentencing with his attorney, and that at the end of those discussions, he felt like he understood the possible sentence he would be facing. COP Tr. 16. Martinez also stated that his attorney had answered all his questions about the plea agreement, and that he felt like he understood what he was being asked to sign. COP Tr. 17. The Court found that Martinez understood the charge against him, as well as the potential penalties he faced. COP Tr. 18.

The Court then reviewed particular terms of the plea agreement with Martinez, including the maximum penalties as set forth therein. COP Tr. 19. Paragraph seven of the plea agreement provided as follows[1]:

> Defendant understands that these Counts carry the following maximum penalties:
> Count:                One
> Imprisonment:         life/20 years minimum mandatory
> Fine:                 $4,000,000
> Supervised Release:   5 years
> Special Assessment:   $100

Plea Agreement ¶ 7. The Court again asked Martinez whether he understood the penalties he was facing on Count One.

---

[1] The Court notes that the plea agreement was in error as to the maximum fine, which should have been $8,000,000, and the term of supervised release, which should have been at least 10 years. The United States acknowledged this error at the change of plea hearing and stated that it intended to be bound by the penalties as set forth in the plea agreement. COP Tr. 21-22.

2

> THE COURT: And you understand that that carries a maximum term in prison of life and a mandatory minimum 20-year prison term?
> THE DEFENDANT: Yes.

COP Tr. 19. The Court also noted that the plea agreement did not contemplate any cooperation with the United States. COP Tr. 23.

On January 29, 2007, about two months after the change of plea hearing, the United States filed a notice of prior conviction under 21 U.S.C. § 851(a), certifying Martinez's prior felony conviction for possession with intent to distribute in the United States District Court for the Southern District of Texas.

Martinez appeared before the Court for sentencing on March 23, 2007. At the beginning of the hearing, the Court overheard Martinez complaining to his counsel that a 20-year sentence was too long. Sent. Tr. 3, Mar. 23, 2007. The Court informed the parties that it would be willing to continue sentencing if Martinez wanted to discuss with his counsel the possibility of either cooperating with the United States or moving to withdraw his plea. Sent. Tr. 4-5. Martinez stated that he understood there was a mandatory minimum sentence of 20 years, and that he wanted to move forward with sentencing that day. Sent. Tr. 5-6. After performing a guideline calculation and considering the recommendations of the parties, the Court sentenced him to 240 months (20 years) imprisonment. Sent. Tr. 10.

On January 31, 2008, Martinez timely filed the instant Motion to Vacate under 28 U.S.C. § 2255. See 28 U.S.C. § 2255(f). In his motion, Martinez argued that he had been illegally sentenced because the United States did not certify his prior felony drug conviction until after entry of his plea, and therefore the enhanced minimum mandatory sentence of 20 years was inapplicable in his case.

3

Martinez further argued that he had received ineffective assistance because his trial counsel failed to bring this error to the Court's attention.

After conducting an initial review of the § 2255 motion, the Court appointed counsel for Martinez, directed service of the motion on the United States, and set a briefing schedule. The United States took the position that Martinez had waived his right to seek post-conviction relief in the plea agreement, or in the alternative, that Martinez had waived strict compliance with the notice requirements of 21 U.S.C. § 851. Martinez, through his appointed counsel, then filed a reply brief, conceding that his arguments regarding the certification of his prior felony drug conviction were without merit. However, he also raised a new argument, namely, that his plea was not knowing and voluntary because trial counsel failed to adequately inform him about providing substantial assistance to the United States, which would have allowed the Court to sentence him below the 20-year minimum mandatory.

The United States filed a responsive brief as to the new argument raised by Martinez, and also submitted an affidavit from Martinez's trial counsel, Robin Olson (Doc. #272-2). In the affidavit, Olson stated that he explained to Martinez, prior to entry of his guilty plea, that entering into a proffer agreement with the United States was the only way to get a sentence below the 20-year minimum mandatory. Olson further stated that he discussed USSG § 5K1.1 with Martinez and read that guideline section to him, but that after these discussions, Martinez declined to accept the proffer agreement or to testify against anyone. Olson's affidavit is supported by a letter dated August 24, 2006, from Assistant United States Attorney Chris Myers setting forth the terms for a proffer agreement as to Martinez (Doc. #272-2). At the top of the letter, a handwritten sentence states, "August 31, 2006 I have discuss [sic] this letter w/ Mr. Martinez and he will not agree to sign or

testify against any person." Below this handwritten sentence are the signatures of Robin Olson and Adan Martinez.

On September 19, 2008, the Court held an evidentiary hearing in this matter. Martinez appeared by telephone, and when difficulties arose eliciting his testimony, the Court rescheduled the hearing so he could be personally present. On November 18, 2008, the parties appeared for the continued evidentiary hearing. At that time, Martinez again attempted to raise a new issue, arguing that his trial counsel should have raised an entrapment defense. The United States objected to the new entrapment claim as time barred, and the Court directed the parties to submit briefs on the issue. The United States then requested that if Martinez was not persisting in the other claims raised in his petition, that those claims be dismissed. In response to questioning from the Court, Martinez stated under oath that he was not persisting in his other three claims regarding certification of the prior felony drug conviction, ineffective assistance of counsel for failing to raise the certification issue, or ineffective assistance of counsel for failing to adequately explain that cooperation was the only way to avoid the 20-year minimum mandatory sentence. Based on Martinez's representations at the hearing, the Court found that he had abandoned those claims.

Following the evidentiary hearing, Martinez submitted a Motion to Amend his motion to vacate under § 2255. Martinez contended that his trial counsel was ineffective for failing to adequately investigate and litigate the legal defense of entrapment, and that this new claim related back to his previous claim of ineffective assistance. The United States filed a responsive brief, arguing that the entrapment claim was time barred, and that Martinez's counsel had provided effective assistance with regard to the entrapment defense in any event. In further support of its response, the United States filed another affidavit from Robin Olson, Martinez's trial counsel,

5

stating that he discussed entrapment with Martinez very early on in the case, that he explained the difference between entrapment defenses under North Dakota and federal law, and that in his opinion any entrapment defense would have failed because of Martinez's prior record of drug trafficking crimes.

On December 11, 2008, the Court held another hearing in this case. At that hearing, Martinez's appointed counsel stated that his client wished to have a new attorney. Martinez also informed the Court that he now wished to proceed on the claims in his original § 2255 motion that he had abandoned at the prior hearing, and he resubmitted the paperwork for his original § 2255 motion. The Court took the entire matter under advisement, and this opinion follows.

## DISCUSSION

Martinez has essentially raised three sets of claims, those relating to: (1) certification of his prior felony drug conviction; (2) ineffective assistance for failure to adequately inform him regarding the possibility of cooperation; and (3) ineffective assistance for failure to raise the defense of entrapment. The Court will address each of these in turn, including the issues of timeliness and waiver.

### I. Certification of Prior Felony Drug Conviction under 21 U.S.C. § 851(a)(1)

In his original § 2255 motion, filed on January 31, 2008, Martinez claimed that he had been illegally sentenced because his prior felony drug conviction was not properly certified before entry of his guilty plea, and that his trial counsel was ineffective for failing to raise this issue. These claims are clearly timely, as they were raised well within the 1-year limitation period prescribed by 28 U.S.C. § 2255(f).

As to waiver, the plea agreement in this case provides, "Except in the case of ineffective assistance of counsel, Defendant further waives all rights to contest defendant's conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255." Plea Agreement ¶ 20. Because the plea agreement specifically reserves the right to file a § 2255 motion on the issue of ineffective assistance, the Court finds that Martinez did not waive his right to raise the certification argument, to the extent it involves a claim of ineffective assistance on the part of trial counsel.

However, the Court also finds that, despite the permissibility of such a claim under the plea agreement, Martinez knowingly and voluntarily abandoned all the claims in his original § 2255 motion at the evidentiary hearing held on November 18, 2008. Martinez explicitly informed the Court, under oath, that he did not intend to persist in these claims, and the Court accepted that abandonment. Martinez's post-hearing statements to the contrary, including complaints about his appointed counsel, are insufficient to undo his knowing waiver of these claims.

Even if Martinez had not waived his claims relating to certification of the prior felony drug conviction, his § 2255 motion would still be denied because those claims are meritless. In the Eighth Circuit, it is well-established that the notice requirement of 21 U.S.C. § 851(a)(1) is not jurisdictional, and thus a defendant may waive strict compliance with the statute. See United States v. Timley, 443 F.3d 615, 626 (8th Cir. 2006) (citing United States v. Mooring, 287 F.3d 725, 727-28 (8th Cir. 2002)). "Section 851's unqualified language does not distinguish it from many other entitlements that defendants possess and may surrender–often in exchange for valuable concessions as part of plea bargains." Mooring, 287 F.3d at 728 (quoting United States v. Lawuary, 211 F.3d 372, 376 n.6 (7th Cir. 2000)).

7

Because the purpose of notice under § 851(a)(1) is to comply with the constitutional requirements of due process, courts applying the statute must be careful not to elevate form over substance. United States v. Johnson, 462 F.3d 815, 823 (8th Cir. 2006). The greatest weight should be placed "on whether the defendant enjoyed full knowledge of the consequences of his prior convictions when making strategic decisions in the course of his defense, including whether to challenge the fact of prior conviction or whether to plead guilty or to go to trial." Id. (quotations omitted).

Here, it is abundantly clear from the record that Martinez had full knowledge of the enhanced 20-year minimum mandatory sentence he was facing prior to entry of his guilty plea. The written plea agreement, which Martinez signed about a week before his change of plea hearing, expressly provided that Count One carried a 20-year minimum mandatory term of imprisonment. See Johnson, 462 F.3d at 823 (finding that plea negotiations provided defendant with explicit notice of the government's intention to seek an enhanced minimum mandatory sentence of life); Timley, 443 F.3d at 626 (concluding it was clear from the plea agreement that defendant understood his sentence would be increased due to prior convictions). Furthermore, in the plea agreement, the parties stipulated that Martinez had one prior certifiable conviction under 21 U.S.C. § 851. See Mooring, 287 F.3d at 728 (holding that defendant waived compliance with § 851(a) when he stipulated that he had received proper notice as part of his plea agreement).

At the change of plea hearing, the Court informed Martinez of the stipulation and the minimum mandatory sentence, and Martinez stated that he understood the sentence he was facing and the terms of his plea agreement. See Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (stating that a petitioner's representations during the change of plea hearing "carry a strong

presumption of verity and pose a formidable barrier in any subsequent collateral proceedings"). Even Martinez's conduct at the sentencing hearing, prior to imposition of his sentence, indicates he fully understood the enhanced minimum mandatory term of imprisonment. He complained to his counsel that 20 years was too long, but then rejected the idea of continuing the sentencing hearing to facilitate his cooperation with the United States. Rather, he stated that he understood there was a 20-year minimum mandatory sentence, and that he wished to be sentenced that day.

Based on all the facts and circumstances of this case, the Court concludes that Martinez waived strict compliance with 21 U.S.C. § 851(a)(1), and that he had sufficient notice of the United States' intention to seek an enhanced minimum mandatory sentence based on his prior felony drug conviction. Martinez had full knowledge of the consequences he faced upon entry of a guilty plea, including the imposition of a 20-year minimum mandatory sentence. Because Martinez had sufficient notice of the prior conviction and the attendant penalty enhancement, it necessarily follows that his trial counsel could not have been ineffective for failing to raise the issue.

For all the foregoing reasons, Martinez's claims for relief regarding certification of his prior felony drug conviction, including the claim of ineffective assistance of counsel, are DENIED.

## II. Ineffective Assistance of Counsel for Failure to Adequately Inform Martinez About the Possibility of Cooperation with the United States

In a reply brief filed on August 11, 2008, Martinez first raised a claim of ineffective assistance regarding his trial counsel's failure to adequately explain the possibility of providing substantial assistance to the United States. Martinez essentially argued that he would not have entered into the plea agreement if trial counsel had fully explained the consequences of failing to cooperate, namely, that the Court would have no choice but to impose the 20-year minimum mandatory sentence.

As to the issue of timeliness, Martinez raised this claim well outside the 1-year limitation period, which expired on April 7, 2008, according to the Court's calculation. However, the United States has not contended that this claim is time barred, and the Court concludes that it arises from the same set of operative facts as the original claims, such that relation back is appropriate. See United States v. Hernandez, 436 F.3d 851, 857-58 (8th Cir. 2006).

However, although this particular claim is not time barred, the Court finds it must be dismissed in any event on the basis of Martinez's in-court waiver. As with the claims asserted in his original § 2255 motion, Martinez knowingly and voluntarily abandoned this claim under oath at the evidentiary hearing on November 18, 2008. Furthermore, in Martinez's subsequent communications with the Court, he has not asserted any desire to have this particular claim reinstated, so it appears to the Court that he has persisted in his waiver.

Even if this claim were not waived, the Court would conclude, based on the entire record, that Martinez's trial counsel provided him with effective assistance by adequately explaining the possibility of cooperation with the United States, as well as the consequences of failure to cooperate. Robin Olson, Martinez's trial counsel, has submitted an affidavit stating that he fully explained these matters to Martinez, along with a proffer letter from the United States which corroborates his statement. On the other hand, Martinez has made, at best, conflicting statements about his understanding of the plea agreement, the opportunity to provide substantial assistance, and the applicability of the minimum mandatory sentence, and the Court finds that his statements are simply not credible. For all these reasons, Martinez's ineffective assistance claim regarding counsel's explanation of cooperation with the United States is DENIED.

**III. Ineffective Assistance of Counsel for Failure to Pursue the Defense of Entrapment**

Martinez first raised a claim regarding trial counsel's failure to pursue an entrapment defense, at the earliest, in his reply brief on August 11, 2008.[2] As this claim is clearly outside the 1-year time limitation of 28 U.S.C. § 2255(f), the Court must determine whether it relates back to the claims as set forth in the original § 2255 motion.

The Eighth Circuit has held that Rule 15(c), Fed. R. Civ. P., applies to determine the relation back of claims in proceedings under 28 U.S.C. § 2255. See Hernandez, 436 F.3d at 856. Rule 15(c)(1)(B) provides that an amendment to a pleading relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading." Thus, in order for the claims in an amended § 2255 motion to relate back, "they must be of the same time and type as those in the original motion, such that they arise from the same core set of operative facts." Hernandez, 436 F.3d at 857 (quotation omitted).

Here, the Court concludes that relation back of the entrapment claim is not proper. Martinez's original claims related to the certification of his prior felony drug conviction, including ineffective assistance of counsel for failing to raise the certification issue. The new claim which Martinez seeks to relate back to his original § 2255 motion involves the failure of his trial counsel to pursue an entrapment defense. The facts which Martinez alleged in support of his original certification claims would not have put the United States on notice that entrapment was at issue, and therefore Martinez's Motion to Amend his § 2255 petition is DENIED.

---

[2] Martinez's brief filed on August 11, 2008, merely mentions this claim, along with a laundry list of other possible claims, and it does not provide any supporting facts or argument. Martinez seriously pursued this claim for the first time at the evidentiary hearing on November 18, 2008, and arguably it was not sufficiently raised until that date. However, as both dates are well outside the 1-year statute of limitations, the Court need not resolve the issue.

## **DECISION**

For all the foregoing reasons, the Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 and the Motion to Amend are both **DENIED**. It is **ORDERED** that judgment is entered for the United States and against Petitioner Adan Martinez, and that Martinez's motion under 28 U.S.C. § 2255 is hereby **DISMISSED** with prejudice.

The Court certifies that an appeal from the dismissal of this action may not be taken in forma pauperis because such an appeal would be frivolous and cannot be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). Furthermore, the Court finds that Martinez has failed to make a substantial showing of the denial of a constitutional right, and the issues presented in this case are inadequate to deserve further consideration. See Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Therefore, the Court will not issue a certificate of appealability.

If Martinez desires further review of his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, he may request the issuance of a certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with Tiedeman v. Benson, 122 F.3d 518, 520-22 (8th Cir. 1997).

**IT IS SO ORDERED.**

Dated this 23rd day of January, 2009.

                                          /s/   Ralph R. Erickson
                                       Ralph R. Erickson, District Judge
                                       United States District Court